David P. Chiappetta, Bar No. 172099
dchiappetta@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Plaintiff
TELUS COMMUNICATIONS COMPANY

ORIGINAL FILED

07 OCT 18 PM 3:36

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

Plaintiff TELUS COMMUNICATIONS COMPANY, a British Columbia partnership,

    Plaintiff,

v.

JOHN DOES 1-10, individuals,

    Defendants.

Case No. C07 5328 SBA

COMPLAINT FOR:

1) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT; AND
2) VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT

[DEMAND FOR JURY TRIAL]

For its complaint, plaintiff TELUS Communications Company ("TELUS") alleges as follows:

## I. SUMMARY AND NATURE OF THE ACTION

1. TELUS brings this action to stop Defendants' *phishing* scheme.

2. Defendants have engaged and, on information and belief, will continue to engage in *phishing* scams to illegally obtain confidential customer information from TELUS and other businesses through fraud and deception.

3. "Phishing" is the creation and use of a fraudulent website that mimics a legitimate business's website to lure and deceive internet users to provide confidential information to the perpetrator.

4. TELUS takes significant care to safeguard its customers' privacy and confidential information. However, Defendants employ patterns of fraud and deception, including phishing, to circumvent TELUS's privacy safeguards and endeavor to illicitly obtain and use confidential information.

5. Defendants' schemes invade the privacy of TELUS's customers and erode TELUS's reputation, goodwill, and relationships with its customers.

6. TELUS brings this action to obtain preliminary and permanent injunctive relief to stop Defendants, their principals, agents and representatives from engaging in further improper conduct, and to compensate TELUS for the damages caused by the Defendants' wrongful activity.

## II.   PARTIES

7. Plaintiff TELUS is a partnership formed under the laws of British Columbia with its principal place of business at 21-3777 Kingsway, Burnaby, British Columbia, V5H 3Z7, Canada.

8. TELUS is unaware of the true names and capacities of the defendants sued in this Complaint as John Does 1-10 (collectively "Defendants"), and their residence and citizenship are also currently unknown. TELUS will amend its complaint to allege the names, capacities, residence and citizenship of Defendants when their identities are learned. Defendants are the owners, operators, advertisers, and senders of the phishing emails and websites at issue in this case. Each of the Defendants is responsible in some manner for the occurrences alleged in this Complaint and for proximately causing damage to TELUS as alleged in this Complaint.

9. Defendants' actions alleged in the Complaint were undertaken by each Defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions in which each Defendant is liable. Each Defendant aided and abetted the actions of the

Defendants as alleged in the Complaint, in that each Defendant had knowledge of those actions, provided assistance, and benefited from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and, in doing the things alleged in the Complaint, was acting within the course and scope of such agency and with the permission and consent of the remaining Defendants.

### III. JURISDICTION AND VENUE

10. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial portion of the events or omissions giving rise to the claims occurred in the Northern District of California. Depending on the residence of Defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

### IV. FACTS AND BACKGROUND

12. "Phishing" is an unlawful scheme in which one or more perpetrators create a website that mimics a website or web pages of a legitimate business. The fraudulent website is used to lure and deceive internet users to provide confidential information to the perpetrators on the belief that that the information is being provided to the legitimate business.

13. To convincingly mimic the legitimate websites, perpetrators often include the legitimate business's trademarks, service marks, and other unique features on the fraudulent websites.

14. Among other techniques, perpetrators use emails falsely identified as originating from legitimate businesses with links or return addresses that direct the email recipients to the fraudulent websites.

15. Victims are tricked by the fraudulent emails and fraudulent websites to enter confidential information on the imitation websites which is transmitted to the perpetrators.

16. Perpetrators of phishing schemes may obtain, among other information, internet users' private account information, passwords, and financial data. Information obtained through phishing schemes may be used to perpetrate identity theft and other crimes.

17.   TELUS is a leading Canadian provider of wireless communications services.

18.   TELUS employs numerous safeguards to protect customer privacy and prevent access to confidential customer information.

19.   To circumvent TELUS's customer security and privacy safeguards, Defendants engage in patterns of deceit, trickery and dishonesty to obtain TELUS confidential customer information. These patterns and schemes include phishing.

20.   Defendants have used phishing schemes to attempt to obtain TELUS confidential customer information, and, at times, have obtained, TELUS confidential customer information, including contact information, without authorization or court order.

21.   Absent customer authorization or court order, there is no lawful method for Defendants to obtain TELUS confidential customer information.

22.   In this case, TELUS is informed and believes, and therefore alleges, that Defendants have been and are currently involved in widespread phishing scams to obtain confidential customer information from TELUS to the detriment of TELUS and its customers.

23.   For example, on October 9, 2007, Defendants sent email messages to TELUS representatives that were fraudulently identified as from TELUS's customer relationship management ("CRM") system vendor regarding a consumer complaint, and directed the representatives to a website for further information regarding the complaint. The website mimicked the CRM vendor's website, and required submission of confidential TELUS verification information. Based on Defendants' false representations and fraudulent email and website, confidential verification information that enabled access to customer data was disclosed by a TELUS representative. The same day, between 08:29:02 and 08:36:24 PST, the TELUS verification information that was obtained by the fraudulent website was used without authorization to access TELUS wireless business customer data from the host data servers in San Francisco, California, and, upon information and belief, to transmit that data to Defendants.

24.   TELUS was alerted to the unauthorized access on October 10, 2007, and launched an immediate investigation and response. TELUS's investigation identified the source of the

- 4 -

access as an IP address registered with a U.S.-based Internet Service Provider ("ISP"). TELUS immediately contacted the ISP, and the data related to the IP address has been preserved.

25. On information and belief, Defendants have used the same or substantially similar patterns and schemes to obtain the confidential customer information of numerous other businesses, including financial institutions, in addition to TELUS.

26. By the conduct described above, Defendants have knowingly and with intent to defraud accessed TELUS protected computers and TELUS confidential information on protected computer servers without authorization and by means of such conduct furthered the intended fraud and obtained confidential and valuable customer information.

27. Defendants' conduct as alleged herein has caused one or more persons, including TELUS, to suffer losses aggregating a least $5,000 in value during a one-year period.

28. TELUS is informed and believes, and therefore alleges, that Defendants' conduct as alleged involved interstate and foreign commerce.

## V. CLAIMS FOR RELIEF

### COUNT I – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030(a)(2)(C)

29. Plaintiff TELUS realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-28 above.

30. Defendants' conduct as alleged constitutes a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C).

31. Defendants' conduct has caused and will continue to cause damage to TELUS in an amount to be proven at trial. TELUS is also entitled to injunctive and equitable relief under the CFAA.

### COUNT II – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030(a)(4)

32. Plaintiff TELUS realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-31 above.

33. Defendants' conduct as alleged constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

34. Defendants' conduct has caused and will continue to cause damage to TELUS in an amount to be proven at trial. TELUS is also entitled to injunctive and equitable relief under the CFAA.

## COUNT III – CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CALIFORNIA PENAL CODE § 502(C)

35. Plaintiff TELUS realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-34 above.

36. Some of TELUS's wireless business customer data is stored on and managed through computer servers and systems located in the State of California.

37. Defendants knowingly and without permission accessed these computer servers and systems, and knowingly and without permission took, copied, or made use of, TELUS wireless business customer data.

38. Defendants' conduct has caused and will continue to cause damage to TELUS in an amount to be proven at trial. TELUS is also entitled to injunction and equitable relief under the California Comprehensive Computer Data Access and Fraud Act § 502(e)(1).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff TELUS prays for the following relief:

A. Preliminary and permanent injunctions against Defendants, and Defendants' officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, enjoining and restraining them from:

   (a) Accessing any computers, computer servers, computer networks, computer systems, or other electronic media storage or system on which TELUS data is stored or and managed;

   (b) Accessing, obtaining or using TELUS data for any purpose;

(c) Establishing any accounts with TELUS;

(d) Contacting TELUS or TELUS representatives by any means;

(e) Contacting TELUS customers by any means in regards to their TELUS account or account information or other confidential information provided to TELUS;

(f) Establishing, operating, creating websites, sending emails, or otherwise participating in additional phishing activities;

(g) Using any TELUS data, including, but not limited to, TELUS customer information, for any purposes;

(h) Attempting to engage in or perform any of the activities identified in subparagraphs (a) through (g) above; and

(i) Assisting, aiding, or abetting any other person or entity to engage in or perform, or to attempt to engage in or perform, any of the activities identified in subparagraphs (a) through (g) above.

B. Preliminary and permanent injunctions against Defendants, and Defendants' officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, ordering them to destroy any and all TELUS data, including, but not limited to, TELUS customer information, and in their possession, custody or control.

C. Award to TELUS damages in an amount to be proven at trial;

D. Award to TELUS its attorneys' fees and costs for this action; and

E. Such other relief as the Court deems just and proper.

DATED: October 18, 2007

PERKINS COIE LLP

By: _____
David P. Chiappetta

Attorneys for Plaintiff
TELUS COMMUNICATIONS COMPANY

COMPLAINT [DEMAND FOR JURY TRIAL]
99999-9328/LEGAL13650210.1

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

DATED: October 18, 2007

PERKINS COIE LLP

By: _____
David P. Chiappetta

Attorneys for Plaintiff
TELUS COMMUNICATIONS COMPANY