1  David P. Chiappetta, (State Bar No. 172099)
   dchiappetta@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorney for Plaintiff
   TELUS COMMUNICATIONS COMPANY
6

7

8                     UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12 | Plaintiff TELUS COMMUNICATIONS COMPANY, a British Columbia partnership, | Case No. C-07-5328 SBA |
   |---|---|
13 | | **MOTION FOR ORDER SHORTENING TIME FOR HEARING ON TELUS COMMUNICATIONS COMPANY'S MOTION FOR LEAVE TO TAKE DISCOVERY** |
14 | Plaintiff, | |
15 | v. | |
16 | JOHN DOES 1-10, | Date: |
   | | Time: |
17 | Defendants. | Dept: |
   | | Before: |
18

19        Plaintiff TELUS Communication Company ("TELUS") hereby moves this Court,

20 pursuant to Northern District Local Rule 6-3, for an Order Shortening Time for Hearing on

21 TELUS's Motion for Leave to Take Discovery ("Motion").  TELUS requests that the Court hear

22 its Motion as soon as the Court's calendar permits.

23        This Motion for Order Shortening Time is made on the grounds that hearing the Motion

24 on a regular briefing schedule will cause TELUS substantial harm since the electronic data sought

25 in TELUS's Motion can be easily destroyed or deleted and this data is central to the claims

26 alleged in TELUS's complaint.  *See* Declaration of David P. Chiappetta in Support of Motion for

27 Order Shortening Time ("Chiappetta Decl.") ¶ 4.  Time is of the essence in this case since the

28 identity of the Defendants is likely in the possession of third-parties, including Comcast Cable

Communications ("Comcast").  Chiappetta Decl. ¶ 3.  Comcast has refused to voluntarily provide TELUS with the information necessary for TELUS to learn the identity of the person(s) or entity associated with the IP Address that was identified by TELUS as responsible for unlawfully accessing TELUS's Customer Relationship Management service and extracting records containing TELUS wireless business customer data.  Chiappetta Decl. ¶ 5.  Comcast has also refused to preserve the information related to the IP address or a Comcast email address that was identified in the course of TELUS's investigation until such time as TELUS is able to present it with a subpoena for such information.  Declaration of James R. McCullagh ("McCullagh Decl.") ¶ 4.

This Motion for Order Shortening Time is based upon the following Memorandum of Points and Authorities and the Declaration of David P. Chiappetta in Support of TELUS Communication Company's Motion for Order Shortening Time For Hearing On TELUS Communication Company's Motion For Leave To Take Discovery filed concurrently herewith, the complete files and records in this action, and any oral argument thereon.

TELUS therefore respectfully requests that this Court grant its Motion for an Order Shortening Time for Hearing on its Motion for Leave to Take Discovery.

### I.   MEMORANDUM OF POINTS AND AUTHORITIES

**A.   BACKGROUND**

TELUS is filing a complaint against John Does 1 - 10 ("Complaint").  In its Complaint, TELUS alleges that Defendants violated sections 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act), and the California Penal Code § 502(c) (the California Comprehensive Data Access and Fraud Act), by unlawfully gaining access to TELUS's Customer Relationship Management service ("CRM service") and extracting records of TELUS wireless business customers.

TELUS, relying on publicly available information, traced the IP address used to access the CRM service to Comcast, the IP address registrant.  Complaint at ¶24.  Upon learning this information, TELUS requested that Comcast preserve and produce to it all evidence related to the use of the offending IP address' unauthorized access of TELUS customer data.  Chiappetta Decl.

¶ 5. Comcast has refused to provide this evidence to TELUS without a valid subpoena. *Id*. TELUS's investigation has also identified other potential sources of relevant information pertaining to the identity of the John Doe defendants, including cashproweb@comcast.net and http://trusunmedia.com/loginjsp.php, which were included in the phishing email used to fraudulently obtain a TELUS representative's credentials.

**B.     ARGUMENT**

**1.     TELUS Will Suffer Substantial Hardship If This Court Hears Its Motion On A Normal Briefing Schedule.**

TELUS has been and continues to be harmed by John Doe's use of TELUS customer data. Time is of critical importance given the fact that the information and data revealing the identity of the person or entity behind this unlawful access is in Comcast's possession and could easily be deleted, overwritten, or otherwise destroyed. Furthermore, apart from the information held by Comcast, TELUS does not have any other reasonable means to learn the identity of the person or entity controlling the identified IP address during the period in which the IP address unlawfully accessed TELUS's CRM service. Similarly, TELUS does not have any other reasonable means to learn of the identity of the person(s) responsible for the links at cashproweb@comcast.net and http://trusunmedia.com/loginjsp.php, which were included in the email that resulted in Defendants fraudulently obtaining a TELUS representative's credentials. Without the evidence that is in these third parties' possession, TELUS will not be able to pursue this lawsuit against the Defendants, who are responsible for unlawfully accessing TELUS's CRM service and extracting TELUS customer information in direct violation of the laws that were specifically enacted to protect companies against such behavior.

**2.     Delaying a Decision on the Motion Would Significantly Prejudice TELUS and Immediate Consideration Would Not Prejudice John Doe**

Delaying a decision on the Motion would significantly prejudice TELUS since it would allow significant time to elapse without acting to preserve fragile electronic evidence, which is integral to TELUS's case. TELUS has identified a Comcast email address and IP address that are associated with the unlawful access of TELUS's CRM service. Comcast does not preserve

- 3 -

information in response to civil matters, but will only preserve information in response to a request from a law enforcement agency. McCullagh Decl. ¶ 3. Comcast does not have a normal business practice to retain information related to email addresses and it is possible that such information will be destroyed if and when the email account is deleted or deactivated. *Id.* Thus, if the Motion were heard on a regular briefing schedule, relevant evidence might likely be destroyed and TELUS would have no means to reverse the severe prejudice that it would inevitably suffer.

Further, no party will be prejudiced by the Court's immediate consideration of TELUS's Motion for Leave to Take Discovery, because there will be no response to the Motion. The identity of the Defendants is currently unknown and is the subject of the Motion.

Since the identities of Defendants are unknown, Plaintiff has been unable to seek relief through stipulation. Plaintiff has endeavored to take all steps possible to comply with Local Rule 37-1, but further compliance is made impossible by virtue of the fact that Defendants' identities are unknown. There have been no previous time modifications in this case, whether by stipulation or Court order.

## C.  CONCLUSION

For the foregoing reasons, the Court should grant TELUS's Motion for Order Shortening Time for Hearing on TELUS's Motion for Leave to Take Discovery, and TELUS's Motion for Leave to Take Discovery should be heard as soon as the Court's calendar permits.

DATED: October 22, 2007

PERKINS COIE LLP

By: _____

David P. Chiappetta, Bar No. 172099
dchiappetta@perkinscoie.com

Attorneys for Plaintiff
TELUS COMMUNICATIONS COMPANY