1  David P. Chiappetta, State Bar No. 172099
   dchiappetta@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorneys for Plaintiff
   TELUS COMMUNICATIONS COMPANY
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  Plaintiff TELUS COMMUNICATIONS          Case No. C-07-5328 SBA
    COMPANY, a British Columbia
13  partnership,                            **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
14                      Plaintiff,          **MOTION FOR LEAVE TO TAKE**
                                            **DISCOVERY**
15       v.
                                            Date:
16  JOHN DOES 1-10,                         Time:
                                            Dept:
17                      Defendants.         Before:

18

19

20                    I.    INTRODUCTION

21       On October 9, 2007, between 8:29 a.m. and 8:36 a.m. PST, Defendants John Does 1-10

22  ("Defendants") used Internet Protocol Address ("IP Address") 76.107.21.154 to access and obtain

23  – without authorization – Plaintiff TELUS Communications Company ("TELUS") confidential

24  customer information from computer servers hosting TELUS's Customer Relationship

25  Management ("CRM") system.  Defendants logged into the CRM system with verification

26  information fraudulently obtained from a TELUS representative through an internet phishing

27

28

1  scheme.[1]  The email that initiated the phishing scheme directed all replies to the email address

2  cashproweb@comcast.net and provided links to a website hosted at

3  http://trusunmedia.com/loginjsp.php.

4        TELUS moves the Court for an order permitting immediate third-party discovery to

5  enable TELUS to trace the electronic evidence of Defendants' phishing scheme and unauthorized

6  access to and theft of TELUS confidential information and TELUS customer confidential

7  information, and investigate and identify the perpetrators of this criminal scheme.  Much of the

8  evidence is ephemeral, and may be destroyed if it is not rapidly identified, preserved and

9  collected, and may be destroyed by Defendants if they are alerted to TELUS's investigation.

10        **II.    STATEMENT OF FACTS**

11        TELUS is concurrently herewith, filing its John Doe complaint.  TELUS alleges that on

12  October 9, 2007, Defendants sent a phishing email to various TELUS representatives.  Complaint

13  ¶ 23.  "Phishing" emails look like authentic messages from a trusted source, but are designed to

14  trick the recipient into responding to the email or following a link in the email to a fraudulent

15  website, and providing confidential proprietary information under the mistaken belief that the

16  information is being provided to the trusted source.  TELUS has determined that a TELUS

17  representative responded to the phishing email, purporting to be from TELUS's authorized CRM

18  service and unwittingly provided her TELUS credentials to Defendants.  Declaration of Ed

19  Bollana ("Bollana Decl.) ¶ 4.  Subsequently, on October 9, 2007, between 8:29 a.m. and 8:36

20  a.m. PST, defendants used the representative's credentials that had been obtained through deceit

21  and without authorization to access TELUS wireless business customer data from host servers in

22  San Francisco, California.  Bollana Decl. ¶ 5.  TELUS believes that defendants stole certain

23  wireless business customer data belonging to TELUS.  *Id.*  TELUS alleges that Defendants'

24  actions violate 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act), and Cal Penal Code §

25  502(c) (the California Comprehensive Data Access and Fraud Act).

26

27      [1] Phishing is an unlawful scheme in which one or more perpetrators create a website that mimics a website or web page of a legitimate business.  The fraudulent website is used to lure and deceive internet

28  users to provide confidential information to the perpetrators on the belief that the information is being provided to the legitimate business.

MEMO. P & A ISO MOTION FOR LEAVE TO TAKE DISCOVERY
Case No. C-07-5328 SBA
99999-1540/LEGAL13649285.1

1    Each and every communication on the Internet is associated with a unique IP address that

2    identifies the computer sending the communication as well as a unique IP Address that identifies

3    the intended recipient of the communication. Bollana Decl. ¶ 6. TELUS used publicly available

4    Internet resources and tools to determine the IP address from which the access emanated and the

5    identity of the Internet Service Provider that was responsible for administering the IP address at

6    issue. Bollana Decl. ¶ 7.

7    The IP address 76.107.21.154 is associated with the unauthorized access of TELUS

8    wireless business customer data on October 9, 2007. Bollana Decl. ¶ 8. IP address

9    76.107.21.154 is registered to Comcast. Bollana Decl. ¶ 8, Exh. A. Thus, Comcast likely holds

10   records of the subscriber using IP address 76.107.21.154 on October 9, 2007 as well as

11   information on the computer server that will assist in the identification of responsible persons.

12   This information, especially that located on the server itself, is ephemeral and likely to be

13   destroyed. Bollana Decl. ¶ 10.

14   On October 12, 2007, TELUS requested that Comcast preserve and produce to it all

15   evidence related to the use of the offending IP address's unauthorized access of TELUS's CRM

16   service. Bollana Decl. ¶ 9. Comcast refused to provide TELUS with any subscriber information

17   associated with IP address 76.107.21.154, without a valid subpoena and court order. *Id.* TELUS

18   believes that Comcast possesses subscriber information that will help identify defendants, and

19   that this information is relevant to the allegations of its Complaint. TELUS has no reasonable

20   means to obtain the information related to the identity of the Defendants without access to

21   Comcast's subscriber information and server logs. Bollana Decl. ¶ 11.

22   TELUS's investigation has also identified two other internet addresses associated with the

23   phishing email sent to the TELUS representative. Bollana Decl. ¶ 12. This information points to

24   cashproweb@comcast.net and http://trusunmedia.com/loginjsp.php as additional sources of

25   information that may be relevant to the allegations contained in TELUS's complaint. *Id.* TELUS

26   has no reasonable means to obtain the information related to the identity of Defendants with

27   access to information from these sources. *Id.*

28

MEMO. P & A ISO MOTION FOR LEAVE TO TAKE DISCOVERY
Case No. C-07-5328 SBA
99999-1540/LEGAL13649285.1

1
### III.    ARGUMENT

2    There is good cause for the Court to authorize discovery from Comcast and other entities

3    identified in the course of TELUS's investigation.  TELUS has grounds to proceed with its suit

4    against defendants for their unauthorized access of TELUS information stored on protected

5    computers.  To do so, TELUS must first learn defendants' identity.  TELUS has no reasonable

6    means available to identify defendants other than from logs residing on Comcast's servers or from

7    the information held by Comcast and other entities identified in the course of TELUS's

8    investigation.

9    To the extent Federal Rule of Civil Procedure 26(d) requires leave of Court to take

10    immediate discovery, including serving third party discovery, such leave should be granted.  No

11    parties have yet been named so it would be impossible to hold a conference of counsel under Rule

12    26(f).  Furthermore, unless discovery is allowed to determine defendant's identity, this matter

13    could never proceed.

14    TELUS attempted to obtain this information as part of its pre-complaint investigation but

15    Comcast refused to provide it.  TELUS has no other way to reliably obtain this information.

16    Unless discovery of Comcast and other entities is allowed to determine Defendants' identity, this

17    matter could not proceed.

18    Moreover, given the nature of defendants' acts, TELUS has a reasonable belief that

19    advance notice to defendants of TELUS's attempts to identify defendants will likely lead to

20    defendants' efforts to destroy evidence, conceal their identity and evade service.  Bollana Decl.

21    ¶ 13.  Many entities and ISP's, including Comcast, generally provide notice to subscribers when a

22    subpoena is received.  Here, such notice will provide an incentive and opportunity to allow

23    defendants to delete or destroy important evidence.  Bollana Decl. ¶ 14.  However, Comcast's

24    Privacy Statement notifies subscribers that Comcast may disclose personally identifiable

25    information concerning the subscriber without notice to the user as required by law or legal

26    process.  Declaration of David P. Chiapetta ("Chiappetta Decl."), Ex. 1 at 7.  It further advises the

27    subscriber that it "may be required by law to disclose personally identifiable information . . .

28

---

1    about a subscriber without his or her consent and without notice in order to comply with a valid

2    legal process such as a subpoena, court order, or search warrant." *Id.*

3         The Federal Electronic Communications Privacy Act ("ECPA") provides the legal

4    framework under which ISPs are authorized to disclose subscriber information and stored

5    communications to all person (i.e. both government and non-government entities.)  18 U.S.C.

6    § 2701 *et seq.*  With respect to subscriber information, ECPA's limitations apply only to requests

7    for subscriber information made by governmental entities.  18 U.S.C. 2702(a)(3), (c).  ECPA

8    expressly states that an ISP may divulge subscriber information to "any person other than a

9    governmental entity."  18 U.S.C. 2702(c)(6).  Governmental entities may obtain basis subscriber

10   information merely by issuing an authorized administrative subpoena, trial subpoena, or grand

11   jury subpoena, and the subscriber need not receive notice of the request.  *Doe v. Ashcroft*, 334 F.

12   Supp. 2d 471, 489 (S.D.N.Y. 2004).  Thus, TELUS's request for an order requesting the ISP to

13   release subscriber information without notice to the user is in accord with applicable federal

14   statutory authority and is permissible by the terms of Comcast's Privacy Policy.

15        Further, as with any third party subpoena issued pursuant to Fed. R. Civ. Proc. 45, if the

16   ISP objects to the scope of the subpoena, if may move to quash or modify the subpoena.  Other

17   courts have expressly noted that discovery on ISPs for subscriber inforation was warranted where

18   the plaintiff had a good faith basis for bringing the lawsuit and a showing of a compelling need

19   for the discovery south.  *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1094 (W.D. Wash.

20   2001).  In addition, a federal district court in New York, identified the following five-factor

21   weighing test to determine whether a subpoena seeking to identify subscribers who are parties to

22   the litigation should be quashed:  (1) prima facie claim of actionable harm, (2) specificity of the

23   discovery request, (3) absence of alternative means to obtain the subpoenaed inforation, (4)

24   central need for the subpoenaed information, and (5) the party's expectation of privacy.  *Sony*

25   *Music Enter., Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

26        In this case, each of the factors supports the release of the requested subscriber

27   information: (1) TELUS has made a prima facie claim for violation of the CFAA and California

28   Penal Code Section 502(c); (2) the requested discovery is limited to subscriber information of the

1    identified IP address and related internet addresses responsible for the unauthorized access on

2    TELUS's CRM service and the related phishing email; (3) there is no other means by which

3    TELUS can obtain the requested information, (4) subscriber information is necessary to identify

4    and serve the defendants, and (5) the defendants' expectation of privacy is minimal as the

5    complained of activity violates Comcast's Abuse Policy *and* Comcast's Privacy Statement

6    provides express notice that subscriber information may be released.  *See* Chiapetta Decl. at Exhs.

7    1, 2.

8           Therefore, TELUS requests that the Court's order authorizing TELUS to conduct third

9    party discovery to learn the identity of Defendants also order recipients of TELUS issued

10   discovery to provide the requested information to TELUS without notifying the subscribers.

11                              **IV.     CONCLUSION**

12          For the reasons set forth above, the Court should grant TELUS's motion for leave to take

13   immediate discovery to identify the persons responsible for the unauthorized access of TELUS

14   and its customers' confidential information and other relevant evidence.

15

16

17   DATED:  October 22, 2007                    **PERKINS COIE** LLP

18                                               By: _____

19                                                    David P. Chiappetta, Bar No. 172099
                                                      dchiappetta@perkinscoie.com
20

21                                                    Attorneys for Plaintiff
                                                      TELUS COMMUNICATIONS
22                                                    COMPANY

23

24

25

26

27

28

- 6 -