1  David P. Chiappetta, (State Bar No. 172099)
   dchiappetta@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Attorney for Plaintiff
   TELUS COMMUNICATIONS COMPANY
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

| 12 Plaintiff TELUS COMMUNICATIONS COMPANY, a British Columbia 13 partnership, | Case No. C-07-5328 SBA **DECLARATION OF EDWARD BOLLANA IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY** |
|---|---|
| 14                  Plaintiff, | |
| 15     v. | Date:<br>Time: |
| 16 JOHN DOES 1-10, | Dept:<br>Before: |
| 17                  Defendants. | |

18

19       I, Edward Bollana, declare as follows:

20       1.     I am over 18 years of age and make this Declaration based upon personal

21  knowledge of the facts set forth below except as to those matters stated on information and belief,

22  and as to those matters, I believe them to be true.  If called upon to testify, I could and would

23  testify competently as to the matters set forth herein.

24       2.     I am a Security Consultant in the Corporate Security Department of TELUS

25  Communications Company ("TELUS"), Plaintiff in the above-captioned matter.  This declaration

26  is filed in support of TELUS's Motion for Leave to Take Discovery.

27       3.     I am occasionally involved in internet-related investigations and have been

28  involved in a recent investigation regarding a phishing attack on TELUS.

4. As a result of TELUS's investigation, it has been determined that a TELUS representative responded to the phishing email, purporting to be from TELUS's authorized CRM service and unwittingly provided her TELUS credentials to currently unknown individuals.

5. On October 9, 2007, between 8:29 a.m. and 8:36 a.m. PST, someone used the representative's credentials that had been obtained through deceit and without authorization to access TELUS wireless business customer data from host servers in San Francisco, California. We believe that these individuals stole certain wireless business customer data belonging to TELUS.

6. As part of my training as a security consultant, I am aware that each and every communication on the Internet is associated with a unique IP address that identifies the computer sending the communication as well as a unique IP Address that identifies the intended recipient of the communication.

7. TELUS used publicly available Internet resources and tools to determine the IP address from which the access emanated and the identity of the Internet Service Provider that was responsible for administering the IP address at issue.

8. The IP address 76.107.21.154 is associated with the unauthorized access of TELUS wireless business customer data. This IP address is registered to Comcast Cable Communications ("Comcast"). Attached hereto as Exhibit A is a true and correct copy of the Whois registration showing Comcast as the registrant for IP address 76.107.21.154.

9. On October 10, 2007, I requested that Comcast preserve and produce to TELUS all evidence related to the use of the offending IP address's unauthorized access of TELUS's CRM service. I followed up on this request on October 12, 2007, by speaking with Rob Wamsley, a Comcast technician. Comcast refused to provide TELUS with any subscriber information associated with IP address 76.107.21.154, without a valid subpoena and court order.

10. The information and data revealing the identity of the person or entity associated with IP address 76.107.21.154 is very likely to be in Comcast's possession and could easily be deleted, overwritten, or otherwise destroyed unless TELUS obtains this information immediately.

11. TELUS has no reasonable means to obtain the information related to the identity of the Defendants without access to Comcast's subscriber information and server logs.

12. TELUS's investigation has also identified two other internet addresses associated with the phishing email sent to the TELUS representative. This information points to cashproweb@comcast.net and http://trusunmedia.com/loginjsp.php as additional sources of information that may be relevant to the allegations contained in TELUS's complaint. TELUS has no reasonable means to obtain the information related to the identity of the persons with access to information from these sources.

13. I am familiar with internet investigations and know that it is often the case that person's involved in phishing schemes are likely to attempt to destroy evidence, conceal their identity and evade service once they know they are a defendant in a lawsuit.

14. Many entities and ISP's, including Comcast, generally provide notice to subscribers when a subpoena is received. Here, such notice will provide an incentive and opportunity to allow defendants to delete or destroy important evidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of October 2007 at Burnaby, British Columbia.

Edward Bollana